TYSON, Judge.
Richard C. Ashley was tried and convicted for the offense of first degree robbery *1368 in the Circuit Court of Jefferson County, Alabama. This conviction took place on July 27, 1990. Ashley was sentenced on September 7, 1990, to a term of 20 years’ imprisonment. He was represented throughout his trial and at sentencing by the Honorable Kittren Walker.
The trial court subsequently appointed the Honorable Joe W. Morgan, Jr. as counsel for this appellant. On September 28, 1990, Mr. Morgan filed a timely motion for new trial, which, among other grounds, asserts that this appellant was denied the effective assistance of trial counsel at the time of his original trial. The trial court set a hearing on the motion for new trial for November 9, 1990. From all indications in this record, this hearing never took place.
On appeal the attorney general of Alabama has filed a motion to remand this cause, requesting this court to direct that the circuit court set a hearing on the motion for new trial, or in the event that the motion for new trial has, in fact, been ruled upon, that the court then set forth its reasons in writing and file a due return to this court.
The attorney general in this motion has pointed out to this court that these claims were apparently not abandoned and that these matters have a bearing on the other issues which are asserted on appeal in this court.
Grounds three through five of the attorney general’s motion read as follows:
“3. The trial court set a hearing on the motion for November 9, 1990. From all indications the hearing never occurred.
“4. Ashley’s allegations of ineffective assistance of counsel ordinarily require a hearing on the merits.[1]
“5. The issue of ineffective assistance of trial counsel has a direct bearing on consideration of the other issues raised on appeal.”
This court is of the opinion that the motion filed by the attorney general is well taken.
This cause is hereby remanded to the circuit court with instructions that a hearing be held on the motion for new trial, including a full evidentiary hearing on the issue of the effective assistance of counsel and all aspects thereof, with reference to the original trial and sentencing of this appellant.
The trial court shall then make written findings on the merits of the allegations asserted. Due return shall then be filed in this court within 60 days from date of this opinion.
For the reasons shown, this cause is hereby remanded with directions for a hearing.
REMANDED WITH DIRECTIONS.
All the Judges concur.

. "The State notes that Appellant’s counsel apparently did not insist on a hearing on these claims. It is possible that the claims were abandoned by Ashley and his attorney and thus the reason no hearing was held. If this is the case, then the trial judge should consider the issue of abandonment of the claims and make the appropriate determination on return to remand."